MARIA STAHL v. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN.

Decided November 14, 1906.

**1.—Illegitimate Child—Beneficiary Certificate.**

The constitution of the Ancient Order of United Workmen contained the following provision: "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him." Held, it was lawful and proper for a member of said order, under the foregoing provision, to designate an illegitimate daughter as one of the beneficiaries, both because she was related to

him by blood and because, under the evidence in this case, she was dependent on him.

**2.—Same—Case Distinguished.**

The case of West v. A. O. U. W. of Texas (14 Texas Civ. App., 471), is distinguishable from this case in that, in the above case, the woman made a contract of concubinage to get the insurance money, while in this case the child was innocent.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*F. F. and E. T. Chew,* for plaintiff in error.—The court erred in holding that the illegitimate Catherine Stahl (Saurer) was entitled to the insurance due on the policy herein sued on, since it was shown by the evidence that the said Catherine Stahl (Saurer) had no insurable interest in the life of Louis Stahl, deceased. Eugene Lavigne v. Marilda Chasse, 54 Law Rep. Ann., 814; Cheeves v. Anders, 87 Texas, 287; Williams v. Fletcher, 26 Texas Civ. App., 85; Coudell v. Woodward, 29 S. W. Rep., 614; Grand Lodge Order Sons of Herman v. Maria Stahl (unreported).

*John T. Duncan,* for defendant in error.

FLY, Associate Justice.—Plaintiff in error sued defendant in error for $950, alleged to be due as a part of a policy of two thousand dollars held by her deceased husband in the Ancient Order of United Workmen. It was alleged in the petition that plaintiff in error was the surviving widow of Louis Stahl, there being no issue by such marriage; that Louis Stahl had taken out a policy in said association in the sum of $2,000, the beneficiaries in said policy being his sister and one Catherine Saurer. That $1,050 of said policy was payable to the sister of Louis Stahl and $950 to Catherine Saurer, but that the latter was not entitled to receive any part of the policy. In a supplemental petition it was alleged that Catherine Saurer was an illegitimate daughter of Louis Stahl, and that defendant in error had been notified of this fact and requested not to pay any part of the amount due on the policy to her. The cause was tried by the court and resulted in a judgment for defendant in error.

It was provided in the beneficiary certificate issued to Louis Stahl that $2,000 should be paid at his death as follows: To Catherine Grieb, $700; to Catherine Stahl, $600, and to Rosina Braun, $700. Catherine Grieb and Rosina Braun were his sisters and Catherine Stahl Saurer his daughter. Rosina Braun died before the demise of Louis Stahl and the contest is over one-half of the $700 directed to be paid to her and the $600 directed to be paid to Catherine Saurer, defendant in error having paid the same to Catherine Saurer. Plaintiff in error was married to Louis Stahl in Houston, Texas, in 1874, and in 1882 he obtained the benefit certificate in which he made his sister and daughter the beneficiaries. He brought his daughter to Texas from Germany about 1885, and she lived in the house with him until she went to Montana where she married Romedius Saurer and did not return until after her father's death. Defendant in error paid to her $950 of the insurance

money. Catherine Saurer was baptised in a church in Germany, and Louis Stahl was designated on the register as her father.

The following provision is found in the constitution of the order: "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him." The evidence conclusively showed that Catherine Saurer was the daughter of Louis Stahl, and it follows that being his daughter she was related to him by blood, and was clearly within the intent and meaning of the section above copied, whether she was the legitimate or illegitimate child of Louis Stahl. No valid reason can be assigned for excluding an illegitimate child from the benefits of such an association as that of appellant, in the absence of a provision in the constitution or bylaws excluding such child. Although the child may have been the offspring of illicit intercourse, she was the blood relation of Louis Stahl, and the moral duty devolved on him to support and maintain her. In so providing for her there was nothing done that was contrary to public policy, but the act was one to be encouraged and commended. The child was not a party to the crime, and the fact of her illegitimacy, if it existed, did not destroy her relationship to her father, nor place her without the pale of the benefit of being a relative or dependent. She was both at the time she was designated as a beneficiary, and as either she could claim the benefit of the designation. The certificate was not tainted with evil in the hands of the child, and no principle of public policy can arise that would prevent her from receiving the benefit of the insurance made by her father in her behalf.

In the case of Supreme Lodge A. O. U. W. v. Hutchinson (Ind.), 33 N. E. Rep., 816, the beneficiary was not the wife of the deceased member although she thought she was, and was innocent of all intentional wrong. She had lived with the deceased, as his wife, for years, not knowing he had another wife, and had borne him several children. The court said: "By the law of the order three classes of beneficiaries are established—members of the family, relations by blood, and those dependent on the member. Within these classes there is no limitation upon the right of selection by the member. So long as he keeps within these classes there is nothing to indicate that the order has any concern or interest in or control over the selection of the beneficiary. Margaretta Hutchinson sustained to the deceased the actual, but not the legal, relation of wife. She was not his wife and could not take as such. She was, however, in her relations with him, entirely innocent of any wrong intent, and being innocent, no principle of public policy can intervene to prevent the courts giving to her that to which she is otherwise entitled. . . . While Margaretta was not the wife, she was a dependent upon the deceased, and she had at least a moral right to look to him for support. She and her children were in fact dependent on him. He owed to her and them a duty which was in part performed by taking out this certificate payable to them. While it was not lawful for him to live with Margaretta, it was eminently lawful and proper that he should provide for the support of the wife and children after he had wronged her so greviously."

The case of Story v. Williamsburg Benefit Assn., 95 N. Y., 474, was similar to the Indiana case, and the New York Court of Appeals held: "The plaintiff for sixteen years lived with Story, believing herself to be his lawful wife. They had children dependent on them for support. It was a case where it was the duty of Story to provide for them, and the provision he made through his insurance was in entire accord with the objects of the organization."

The foregoing cases are clearly distinguished from the case of West v. Ancient Order U. W. of Texas, 14 Texas Civ. App., 471, decided by this court. In the Indiana and New York cases the women were not guilty of any offense in living as they did, while in the Texas case the woman made a contract of concubinage to get the insurance money.

We think, as hereinbefore stated, that Catherine Stahl, afterwards Saurer, was clearly a dependent within the language of the constitution of the association. We think it was correctly held in Keener v. Grand Lodge, 38 Mo. App., 543, that dependency can not be restricted to those whom one may be legally or morally bound to support, but is restricted to those only whom it is lawful for him to support. It was certainly not only lawful for Louis Stahl to support his daughter, whether legitimate or illegitimate, but it was his moral duty so to do and he owed it to her to arrange it so that she could get something from him when he died. She could not if illegitimate inherit his property, and knowing this he endeavored to give a small pittance to her. He brought her to America when she was a young girl, and gave her a home in which plaintiff in error states that she merely "tolerated" her. The "toleration" seems to have been so intense as to drive her out to earn a livelihood for herself, and while plaintiff in error got all of the comfortable fortune left by her husband, she seeks through this suit to take away the small amount of insurance left by her husband to his wronged daughter and to cover her with shame and disgrace. The trial court very properly prevented her from destroying the last effort of her husband to do something for his child, and relieve the child of the shame of illegitimacy, by his finding that she was legitimate. We do not disturb that finding and do not pass on the evidence on the question of illegitimacy, because, however decided, Catherine Saurer is entitled to the insurance money.

We have decided this case upon the language as to beneficiaries used in the constitution of the association. The language might be such as to exclude an illegitimate child, but in this instance it has not excluded a person of that class, but the language fairly includes them within its scope and provisions.

That one-half of the insurance that was designated for Rosina Braun, who died before the death of Louis Stahl, was properly given to the other beneficiaries is clearly borne out by the constitution of the association. The contention of plaintiff in error is that the designation of the illegitimate child being illegal and void, there was no designation as to the amount and the wife should have it. We need not discuss that proposition as we hold that the child was a proper beneficiary.

The judgment is affirmed.

*Affirmed.*