## MENDEZ v. SOVEREIGN CAMP, W. O. W., et al.   (No. 7286.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 28, 1925.   Rehearing Denied Feb. 18, 1925.)

**1. Insurance ⬭⟶770—Putative wife of member of benefit society held not entitled to insurance benefits either as wife or dependent.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, confining beneficiaries of death benefits in fraternal benefit societies to "wife, husband," etc., "or persons dependent upon the member"—a putative wife of one not divorced from former wife, though she entered the relation in good faith, *held* not entitled to insurance benefits either as wife or dependent.

**2. Insurance ⬭⟶777 — Where designation of putative wife as beneficiary was null and void, legal wife held entitled to insurance money.**

Where benefit association member's designation of putative wife as beneficiary in insurance certificate is null and void, there is in effect no designation of beneficiary, and under Laws 1923, c. 62, legal wife of member is entitled to insurance money.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Concepcion Larez de Mendez against the Sovereign Camp Woodmen of the World, wherein Emilia Gonzales de Mendez intervened.   From judgment for plaintiff, intervener appeals.   Judgment reversed and rendered.

Sid Overton and Norton & Brown, all of San Antonio, for appellant.

Samuel Belden and Ed Haltom, both of San Antonio, for appellees.

FLY, C. J.   This suit was instituted by Concepcion Larez de Mendez against the Woodmen of the World to recover $1,000, alleged to be due her as the wife of Rosalio Mendez on a policy taken out by said Rosalio Mendez on his life, in said fraternal benefit society, said Concepcion being named as the beneficiary therein.   The corporation, Woodmen of the World, admitted its execution and delivery of the beneficiary certificate upon the life of Rosalio Mendez, deceased, and that one Emilia Gonzales de Mendez, claiming to be the wife of the insured, and his two children, Ricardo Mendez and Antonio Mendez, were claiming to be the beneficiaries under the benefit certificate, and it tendered into court the amount of the insurance to abide the decision of the court as to who was the beneficiary.   Emilia Gonzales de Mendez for herself, and as next friend to her minor children, Ricardo Mendez and Antonio Mendez, intervened in the suit, alleging that she was the lawful wife of Rosalio Mendez, deceased, and that the minor children were the offspring of the marriage between them, and were entitled to the insurance on his life. She further alleged that Concepcion Larez de Mendez was not the lawful wife of Rosalio Mendez, and never had been, and was not entitled to the insurance.   In a supplemental petition Concepcion Larez de Mendez in effect admitted that she had never been lawfully married to deceased, but had lived with him as his wife, after procuring a marriage license, and the performing of a marriage ceremony by a justice of the peace, from July 13, 1916, until his death on June 10, 1923. The cause was tried without a jury, and the court rendered judgment in favor of Concepcion Larez de Mendez for $895.05, that the intervener take nothing by her suit, and that the corporation be discharged from further liability.   The intervener appealed.

The evidence showed that on February 22, 1909, Rosalio Mendez and Emilia Gonzales, the intervener, were lawfully married, and lived together as man and wife until September 20, 1914, that on September 29, 1915, Rosalio Mendez filed a suit for divorce from his wife, Emilia Gonzales de Mendez; that no action was taken in the case except to issue a citation which was never served.   On July 13, 1916, a marriage license was procured by Rosalio Mendez to marry Concepcion Larez, and a marriage ceremony was performed by a justice of the peace on the same day.   Afterwards, on July 4, 1922, the deceased obtained a benefit certificate from the Woodmen of the World, in which Concepcion Larez de Mendez, described as the wife of the insured, was made the beneficiary. The suit for divorce filed by Rosalio Mendez against his lawful wife, Emilia Gonzales de Mendez, was dismissed by him on September 7, 1916, less than two months after the ceremony had been performed between him and Concepcion Larez.   The lawful wife, Emilia Gonzales de Mendez, was never served with citation in the suit for divorce, and was lawful wife of deceased when the spurious marriage ceremony with Concepcion Larez was performed.   All the parties were living in New Braunfels at the time of the putative marriage.

Article 4832, Vernon's Sayles' Civ. Stats., confines the beneficiaries of death benefits in fraternal benefit societies to the "wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member."   The statute provides that within the restrictions each member shall have the right to designate his beneficiary, and the converse of that provision would be that no one outside the restrictions can be designated. Within those restrictions the society is giv-

---

en authority to limit the scope of beneficiaries. The certificate issued by the society to Rosalio Mendez restricted the beneficiaries to the "wife, children, adopted children, parents, brothers, and sisters, or other blood relation, or persons dependent upon the member."

[1] No amount of argument could bring Concepcion Larez within the provision as to beneficiaries. She was not the wife of Rosalio Mendez. Her marriage to him was performed while he had a legal wife living in the same town; and the petition filed by him for a divorce had no effect whatever upon that relation. Rosalio Mendez knew that he had not obtained a divorce from his wife, and Concepcion was charged with notice of that fact also. But her lack of knowledge of the marriage relation existing between appellant and Rosalio Mendez could not place her in the position of a legal wife, and entitle her to take a position among those entitled to be designated as beneficiaries. Her good faith under the circumstances could not move her from the position of a deceived unmarried woman to that of legal wifehood. The fraud perpetrated upon her did not make her a lawful wife, the only one who can be a beneficiary under the statute, and her innocence could not transform her into a woman whose relation to deceased was sanctified by wedlock.

The relation occupied by Concepcion Larez to Rosalio Mendez was not that of a dependent in contemplation of the statute, for if a married man could designate his concubine as a dependent entitled to the benefits of the insurance the aim of the law to provide for those legally dependent upon the insured would be completely destroyed and become of no effect. The protection intended to be extended is to those living within the pale of the law and morality. This is a very different case from those decided in the early times of Texas, where a married man from another state came into this state, and deceived some good woman into a marriage, and they together accumulated community property. She, of course, would be held to be entitled to her community estate.

The case of Kinney v. Tri-State Telephone Co. (Tex. Com. App.) 222 S. W. 227, is absolutely decisive in this case against the judgment rendered by the lower court. In that case H. B. Kinney married Nellie Flaherty, and they afterwards separated, and never afterwards lived together. About three years after their separation Kinney filed a suit for a divorce in California, and an interlocutory order was entered. Before the order for a divorce became final, and before any judgment was entered dissolving the bonds of matrimony, the final decision of the court being held open until the expiration of a year, there was no judgment of divorce. Kinney had previously filed a suit for a divorce in Colorado, but dismissed that suit. The in-

terlocutory order was issued on August 19, 1914, and on November 14, 1914, H. B. Kinney married Elsie Kinney, and they lived together as man and wife. She was told by Kinney that he had obtained a divorce, and she believed him, and, acting on that belief, she, in good faith, entered into the putative marriage with him. Kinney was accidentally killed on January 14, 1916, before the interlocutory order in the divorce proceedings had been made final. After his death a final order of divorce was obtained by his resourceful attorney. Kinney had a benefit certificate in the Telephone Company, and Elsie, the victim of the putative marriage, was made the beneficiary. The insurance under the terms of the policy was payable to the wife or dependent relatives of the insured. Elsie Kinney was an innocent woman, and acted in good faith in her marriage to H. B. Kinney, but the court held:

"The good faith of Elsie cannot affect the transaction, because the property involved in this litigation is not property which has been accumulated by the joint efforts of H. B. Kinney and Elsie during the purported marriage estate."

The court held that the legal wife was entitled to the insurance money. In the Kinney Case there was a finding in the interlocutory order that the facts would entitle Kinney to a divorce in a year, but in this case there was a mere filing of a petition, no citation served, and then the cause dismissed after the putative marriage had taken place. We are of opinion that Concepcion Larez de Mendez was not entitled to the benefit money.

[2] The designation of the putative wife as beneficiary being null and void, there was, in effect, no designation of a beneficiary, and, under the terms of the Act of 1923, General Laws Reg. Sess. pp. 116, 117, the legal wife was entitled to the insurance money. In that act (section 1) it is provided:

"That if a member shall die without designating a beneficiary, or if at the death of the member the beneficiary designated is dead or has no insurable interest in the life of the member, the benefits payable under the certificate shall not be forfeited but shall be paid to the persons named in this section, but in such order as the by-laws of the society shall prescribe; and if such society shall fail to prescribe the order of payment, then the same shall be payable to the persons named in this section and in the order first named."

The wife is first named in the law and the by-laws of the society, and therefore she is entitled to it.

The Act of 1923 went into effect on or about June 12, 1923, before the death of Rosalio Mendez, and its provisions governed when no legal designation of a beneficiary was made in the benefit certificate. Even under the law before the Act of 1923, was

passed, the lawful wife is entitled to the money. Appleby v. Sons of Hermann (Tex. Civ. App.) 225 S. W. 588.

The recovery of the insurance money is sought on an allegation that Concepcion Larez de Mendez was the wife of Rosalio Mendez, and not on the ground that she was a dependent, and in the benefit certificate she is designated as the wife and not as dependent. That would preclude a recovery, even though a woman maintaining illicit relations with a married man could be held to be a dependent in the purview of the statute. We hold, however, that had it been alleged that she had been designated as a dependent, and the recovery sought on that ground, she would not be entitled to a recovery.

The judgment is reversed, and judgment here rendered that Emilia Gonzales de Mendez recover of the Woodmen of the World the sum of $1,000, and that Concepcion Larez de Mendez take nothing and pay all costs of this and the lower court.