**GASTRING et al. v. SOVEREIGN CAMP, W. O. W. (No. 7444.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1925. Rehearing Denied Dec. 23, 1925.)

**1. Insurance ⬳718—Constitution and laws of fraternal benefit society, in effect at time of issuance of certificate, became part of such certificate.**

Constitution and laws of fraternal benefit society, in effect at time of issuance of certificate, became part of such certificate, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4834.

**2. Insurance ⬳719(I)—Adoption of new constitution and by-laws necessarily annulled constitution and by-laws in effect at time of execution of membership certificate.**

Adoption of new constitution and by-laws by fraternal benefit society necessarily annulled constitution and by-laws in effect at time of execution of membership certificate, where by-laws and statute expressly so provided.

**3. Insurance ⬳719(2)—Beneficiaries permitted by statute will be read into provisions of subsequent constitution and by-laws of fraternal benefit society.**

Where constitution and by-laws of fraternal benefit society, limiting beneficiaries to blood relatives as permitted by Acts 33d Leg. (1913) c. 113, § 6 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4832), were amended after adoption of Acts 38th Leg. (1923), c. 62, amending such section, without including in list of permitted beneficiaries those required by statute, such statute will be read into constitution and by-laws.

**4. Insurance ⬳719(2)—Attempt by fraternal benefit society to decrease number of statutory beneficiaries held nugatory.**

Attempt by fraternal benefit society to decrease number of statutory beneficiaries *held* nugatory, in view of Acts 33d Leg. (1913), c. 113, § 6 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4832), as amended by Acts 38th Leg. (1923) c. 62.

**5. Constitutional law ⬳186—All laws retroactive in their nature do not come under constitutional condemnation.**

All laws retroactive in their nature do not come under constitutional condemnation.

**6. Constitutional law ⬳193—When retroactive statute should be sustained stated.**

A statute expressly retroactive should be sustained when its object and effect is to correct an innocent mistake, remedy a mischief, execute the intention of parties, and promote justice.

**7. Insurance ⬳771—Stepdaughter named as beneficiary in statute, but not in constitution and by-laws of fraternal benefit society, held entitled to recover, on theory statute controlled.**

Under Acts 33d Leg. (1913) c. 113, § 6 (Vernon's Sayles' Ann. Civ. St. 1914, art.

4832), as amended by Acts 38th Leg. (1923) c. 62, permitting stepdaughters to be named as beneficiaries of insurance issued by fraternal benefit societies, stepdaughter of insured *held* entitled to recover, notwithstanding society refused to permit her to be named as beneficiary on request of insured under its laws limiting beneficiaries to blood relatives.

Appeal from Seventy-Third District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Amelia Gastring and another against Sovereign Camp, Woodmen of the World. Judgment for defendant, and plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

John P. Pfeiffer, of San Antonio, for appellants.

Henry & Bickett, of San Antonio, for appellee.

FLY, C. J. This suit was brought by appellants, husband and wife, to recover of appellee the sum of $1,000 alleged to be due on a beneficiary certificate issued by appellant to Harry A. Henderson, and in which Amelia Gastring was designated as the beneficiary. The trial judge heard the testimony and rendered judgment that appellants take nothing by their suit and pay all costs. We adopt the following findings of fact made by the trial judge:

"The defendant, Sovereign Camp of the Woodmen of the World, is a fraternal beneficiary society incorporated under the laws of the state of Nebraska, and doing business in the state of Texas under permit duly issued.

"The plaintiff Amelia Gastring is the stepdaughter of Harry A. Henderson, now deceased.

"On December 1, 1914, Harry A. Henderson became a member of the defendant society, and had issued to him the beneficiary certificate in the sum of one thousand ($1,000) dollars sued upon by the plaintiffs. This certificate was originally payable to Lena Henderson, wife of the insured. On or about December 18, 1923, Harry A. Henderson, the insured, notified the clerk of the local camp or lodge that the beneficiary named in the certificate had died, and that he desired to change the beneficiary to Amelia Gastring. Said request for change of beneficiary was received by the Sovereign Clerk of the society at its principal office on January 7, 1924. On January 8, 1924, the defendant society communicated to the clerk of the local lodge its refusal to accept the designation of Amelia Gastring as the beneficiary of Harry A. Henderson, such refusal being based upon the fact that Amelia Gastring was not within the class of eligible beneficiaries as set forth in the constitution and laws of the society as the same read at the time of the making of the contract and at the time of the request for change of beneficiary. The notice of refusal to make the change of beneficiary was received by Harry A. Henderson from the clerk of the local lodge on January 27, 1924. Harry A. Henderson was then in his last illness, and was unable to attend to business affairs, and died

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on January 30, 1924. No other change of beneficiary was made or attempted to be made.

"The beneficiary certificate recited that it was issued and accepted subject to all conditions therein set forth, and, also, to the provisions of the articles of incorporation and the constitution and the laws of the society and any amendment thereof. * * * The constitution and laws of the society in force and effect at the time of the death of the member were adopted in July, 1923, and became effective on September 1, 1923. * * *

"On January 16, 1924, the plaintiff Amelia Gastring paid to the clerk of the local camp or lodge the assessments for Harry A. Henderson for the months of January, February, and March, 1924. On February 23, 1924, the plaintiff Amelia Gastring, made due proofs of the death of Harry A. Henderson. On February 27, 1924, the defendant society communicated to the plaintiffs its rejection of the claim upon the certificate for the reason, as aforesaid, that the said Amelia Gastring was not eligible as a beneficiary.

"The plaintiff Amelia Gastring testified that, so far as she knew, Harry A. Henderson did not leave surviving him any blood relatives; that she did not know who his father and mother were, or who his first wife was, if he had a former wife, or whether he had living any children by the former marriage prior to his marriage with her mother; that she did not know whether he left any brothers or sisters, or other blood relatives in any degree; that she and one other stepchild, a sister of hers, were the only relatives that she knew of that survived the said Harry A. Henderson; that Henderson told her he had· no living relatives; that Henderson was married to her mother for 19 years, and she had never seen any correspondence from any relatives. Upon said evidence the court finds that the said Harry A. Henderson did not leave surviving him any blood relatives.

"The said Harry A. Henderson at the time of his death was a member in good standing in the society."

[1] The act of 1913 (Acts 33d Leg. c. 113), § 6, in regard to fraternal benefit societies, was in effect when the contract of insurance was made between Harry A. Henderson and appellee. Article 4832, Vernon's Sayles' Tex. Civ. Stats. In that act the payment of death benefits was confined to certain named parties, among the number stepchildren being named. However, in the last clause of the article in question it is provided "that any society may, by its laws, limit the scope of beneficiaries within the above classes." Appellee had in its constitution and laws the provision that the beneficiaries "shall be his wife, children, adopted children, parents, brothers and sisters, or other blood relations, or to persons dependent upon the member, * * *" The wife of Henderson was the original beneficiary, and on her death he designated Amelia Gastring, his stepdaughter. She clearly is not among the beneficiaries named in the laws or constitution of appellee. The constitution and laws in effect at the time of issuance of the certificate en-

tered into and became a part of the certificate. Article 4834, Vernon's Sayles' Tex. Civ. Stats.

In 1923 the following amendment to article 4832, which is described as section 6, of the Act of April 2, 1913, was enacted:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, children by legal adoption, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, father-in-law, or to a person or persons dependent upon the member. * * *" Acts 38th Leg. c. 62.

That law eliminated that part of article 4832 permitting the fraternal society to limit the scope of the beneficiaries named therein, and all those named in the statute of 1923 could be named as beneficiaries by the insured. That law was passed, as stated therein, to prevent forfeiture of benefits "where the designation * * * is not in strict conformity with such by-laws," and where the societies "are in this way taking advantage of many ignorant persons who have paid their premiums by depriving the dependents of such persons of their insurance." Undoubtedly the law of 1923 had application to Amelia Gastring unless she be excluded on the ground that the statute could not be retroactive in its operation.

After the law of 1923, which fixed the persons who could be beneficiaries in a fraternal benefit society certificate, and withheld from the society any right or authority to change or limit those beneficiaries, had gone into effect, appellee adopted another constitution and other laws. In those documents it was provided that the "beneficiary or beneficiaries shall be his wife, children, and adopted children, parents, brothers and sisters, other blood relations, or persons dependent upon the member." That provision was directly in the face of the law of 1923, which named the beneficiaries and provided that if a beneficiary is named who has no insurable interest in the life of the member that the death benefits shall not be forfeited. Appellee merely reiterated its list of beneficiaries named under the law of 1913, when it was not bound to list all the beneficiaries named in the statute. No such power was given by the law of 1923.

[2, 3] We are of opinion that when appellee adopted another constitution and other by-laws after the law of 1923 had become effective, they changed the contract made under the law of 1913. When the new constitution and by-laws were adopted their adoption necessarily annulled the constitution and laws in effect when the contract was executed, and a new constitution and new laws must be read into the contract. It is so provided in the state statute and in the laws of appellee. Such being the case, the law of 1923, which named the beneficiaries and which could not be changed by any law of the

society, would govern as to the beneficiary in the certificate, and would uphold the designation made by Harry A. Henderson of his stepdaughter, Amelia Gastring. It is true that in the laws adopted by appellee in 1923 the beneficiaries were the same as in the laws when the contract of insurance was made, but, while the adoption of a new constitution and laws had the effect of setting aside the former constitution and laws, still the beneficiaries named in the statute of 1923 would be read into the new constitution and laws, and all the beneficiaries omitted from the new constitution and laws of appellee would be added to those named.

[4] The record fails to indicate when the constitution and laws of appellee were passed that were in existence in 1913, and we are not informed whether they exercised the privilege of leaving out one or more of the beneficiaries named in the statute by adopting such laws after the enactment of the statute. There is nothing to indicate that any effort was made after the enactment of the statute of 1913, "to limit the scope of beneficiaries within the above classes." We know, however, that, when the statute of 1923 was enacted, a new constitution and laws were adopted by appellee, which were necessarily governed by the law of Texas under which they were enacted, and any attempt to decrease the number of statutory beneficiaries was nugatory and vain.

[5, 6] While not essentially necessary to pass upon whether the law of 1923 was retroactive in its scope, we deem it pertinent to say that all laws retroactive in their nature do not come under the constitutional condemnation. It may be gathered from the reasons given for its speedy enactment in the second section of the act that it was intended that the law should apply to all contracts made or to be made by fraternal benefit societies. It was passed, not to infringe or weaken any rights, but to protect those who would be deprived of their rights by naked technicalities based upon no equitable or just principles. As said in a Connecticut decision and approved by Judge Cooley:

"Where a statute is expressly retroactive, and the object and effect of it is to correct an innocent mistake, remedy a mischief, execute the intention of the parties, and promote justice, then, both as a matter of right and of public policy affecting the peace and welfare of the community, the law should be sustained." Cooley Const. Lim. pp. 535–537.

[7] The statute of 1913 named stepchildren as beneficiaries, and the statute of 1923 named them; the only great difference in the two statutes being that in the former the society could curtail the beneficiaries and in the latter could not. No action on the part of the society after the enactment of the law of 1913 to change the designation of the beneficiaries named in the statute is disclosed by the record. We see no justice or equity in the demand of appellee for a forfeiture of the policy of insurance.

The judgment will be reversed and judgment rendered here that appellants recover their claim against appellee, together with all costs in this behalf expended.

SMITH, J., being disqualified, did not sit in this case.