## HERNANDEZ et al. v. SUPREME FOREST WOODMEN CIRCLE et al.

### No. 9545.

Court of Civil Appeals of Texas. San Antonio.

March 13, 1935.

surance in the sum of $1,000 in the defendant association; that Maria Sanchez was the designated beneficiary in said certificate; that said Maria Sanchez had no insurable interest in the life of the insured, in that she "was unrelated to the insured, and was a casual, illegitimate child, conceived and born to another woman, while insured was lawfully married to the father of said Maria Sanchez, and who never became adopted by nor a member of the household of said insured"; that wherefore, "by virtue of being the only child of insured," plaintiff was entitled to the proceeds of said insurance, "due to the fact that Maria Sanchez has no insurable interest in the life of insured." In short, it was alleged that the designated beneficiary of the insured, although a daughter of the insured's husband by another woman, was not the insured's stepdaughter because not adopted by or a member of the insured's household.

Plaintiff described defendant to be "a fraternal insurance corporation," and all parties seem to concede that defendant is a fraternal benefit society within the purview of chapter 8, R. S. 1925 (article 4820 et seq.). The statutes relating to insurance in such societies differ materially from statutes regulating other insurance entities, and will be looked to in determining this appeal.

In article 4831, R. S. 1925, such societies were authorized to pay death benefits to "step-children," as well as others therein specified. The same authority was included in an amendment of that article, effective October 3, 1929. Acts 41st Leg., 1929, 2d Called Sess., p. 28, ch. 16, § 6. The act was again amended, effective July 13, 1931 (Vernon's Ann. Civ. St. art. 4831), when it was provided that any member of such society "may direct any benefit to be paid to such person or persons * * * as may be permitted by the laws of the society." There were no allegations in the stricken petition as to when the certificate involved was issued, or as to whether the laws of defendant society included stepchildren as permissible beneficiaries. But it is apparent that the certificate was issued before the effective date of the 1931 amendment to article 4831, and it does appear from the petition that Maria Sanchez was named in the certificate as the beneficiary thereof because she was the stepdaughter of the member. We think that, in the absence of allegations in the petition that stepchildren were excluded by the by-laws of the society as permissible beneficiaries of death benefits, it must be presumed that those in that class were not so excluded. It will be presumed that, if those

David E. Hume, of Eagle Pass, for appellants.

Henry, Bickett & Bickett, of San Antonio, for appellees.

SMITH, Justice.

This appeal is from an order of dismissal consequent upon a refusal of plaintiff below to amend after a general demurrer to her petition had been sustained. Dolores Sanchez Hernandez (joined by her husband) was plaintiff below, and "Supreme Forest Woodmen Circle, a fraternal insurance corporation" (besides others not necessary to mention here), was defendant. The parties will be here designated plaintiff and defendant, as in the trial court.

The plaintiff alleged in her petition, in substance, that she was the only child of Casimira de Sanchez, a widow, who died on December 17, 1931; that the latter, at the time of her death, held a certificate of in-

in that class were excluded from the benefits of the society, the latter would not have continued in force a certificate naming one of that class as a beneficiary. It is true, also, that up to the amendment of July 13, 1931, the statute expressly provided that stepchildren were permissible beneficiaries of such certificates, and, so long as that act was in force, the society could not have excluded that class from its benefit. Gastring v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 278 S. W. 310. We therefore conclude that the allegations in plaintiff's petition were not sufficient to negative the right of a stepchild to the benefits of a certificate in which she was designated as the beneficiary.

■■ The controlling question recurs, Was the illegitimate daughter of the insured's husband (by another woman) the stepchild of the insured, within the purview of the contract which designated her, as such stepdaughter, as the beneficiary of that contract? We conclude the question should be answered in the affirmative. The policy seems prevalent everywhere to construe insurance contracts liberally in favor of those intended by the parties to benefit therefrom, and, concretely, to make no invidious distinctions against designated beneficiaries on account of their illegitimacy. 6 Tex. Jur. p. 490, § 101; 45 C. J. p. 181; Stahl v. Grand Lodge, 44 Tex. Civ. App. 203, 98 S. W. 643; Mendez v. Mendez (Tex. Com. App.) 277 S. W. 1055.

The judgment is affirmed.

BICKETT, C. J., did not participate in the decision of this case.