**BYARD et al. v. DISTRICT GRAND HOUSEHOLD OF RUTH NO. 26, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA.**

No. 16033.

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

Wm. A. Green, of New Orleans, for appellants.

F. B. Smith, of New Orleans, for appellee.

LECHE, Judge.

From a judgment dismissing their suit, plaintiffs have appealed.

Charles Jennings and Viola Byard brought this suit against the District Grand Household of Ruth No. 26, Grand United Order of Odd Fellows of the state of Louisiana, alleging that their mother, one Pet Dixon, took out an endowment policy with defendant, naming them as beneficiaries thereunder, together with a brother, Joseph Jennings; that said Joseph Jennings predeceased his mother leaving no heirs having an interest in the matter. The petition further alleges that the policy or certificate was in defendant's possession and that there was a purported change of beneficiary naming one Bertha Smith in that capacity, but that said purported change of beneficiary was illegal, null, and void for the reason that Bertha Smith was not a cousin, or in any way related to or dependent upon the decedent. The sum of $300 is claimed as the amount named in the policy.

Defendant answered, admitting the issuance of the policy, setting up the change of beneficiary, and alleging that subsequent to the death of the insured the substituted beneficiary, Bertha Smith, was paid the face value of the policy.

The record shows that plaintiffs, Charles Jennings and Viola Byard, were the illegitimate children of Pet Dixon by different fathers and it is contended by the defendant that as illegitimate children do not come within the provisions of section 6 of Act No. 256 of 1912, they have no interest in the proceeds of this policy. The pertinent part of section 6 of Act No. 256 of 1912 reads as follows: " * * * That the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member. * * * "

The question of whether or not an illegitimate child comes within the above-quoted language of the act has never been determined in this state in so far as we know. It appears to have been raised in the case of Chance v. Grand Lodge, etc., 13 La. App. 362, 125 So. 894, but in his opinion Judge Higgins, as the organ of the court, did not decide the question.

In the case of Hanley v. Supreme Tent, Knights of Maccabees, 38 Misc. 161, 77 N. Y. S. 246, under the provision of their by-laws that no benefit certificate could be payable other than to the " 'wife, children, de-

pendents,' or blood relatives," defendant contested payment to two illegitimate children of the deceased. While the court found that the claimants were both the dependents of the father and his adopted children, it used the following language pertinent to this case: "It may be that this fraternal benevolent order now seeks to deprive these children of their little fund to discourage departures from social morality, and insure the sanctity of the marriage tie among all its members, and not for the purpose of distributing that money between those members who survive or their beneficiaries; but it is difficult to understand why such ethics—valuable as they are in their proper place—would be invoked to prevent atonement by the wrongdoers, or bring additional and unmerited punishment to the innocent and helpless victims of illicit love. It is not necessary, even, to consider the possible palliation of the mother's conduct in seeking refuge from the brutality of a husband in the improper, though steadfast, affection of another man. No natural or artificial law prevents these parents from recognizing their duty to protect the children, who were not sharers of their wrongful acts, but only sufferers from them, and so provide for their welfare, even beyond the terms of their own lives. * * *"

In the cases of Maxey v. Franklin Life Ins. Co. (Tex. Civ. App.) 164 S. W. 438, and Overton v. Colored Knights of Pythias (Tex. Civ. App.) 173 S. W. 472, it was held that illegitimate children have an insurable interest in the lives of their parents. In the case of Lavigne v. Ligue des Patriotes, 178 Mass. 25, 59 N. E. 674, 54 L. R. A. 814, 86 Am. St. Rep. 460, it was held that an illegitimate child did not come within the meaning of the word "relatives" as used in a state statute designating permissible beneficiaries under a policy of fraternal insurance, but the statute did not say "blood relatives." In the case of Stahl v. Grand Lodge, 44 Tex. Civ. App. 203, 98 S. W. 643, the following provision was found in the constitution of the order: "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him."

There the beneficiary named was an illegitimate daughter, and the court said: "The evidence conclusively showed that Catherine Saurer was the daughter of Louis Stahl, and it follows that, being his daughter, she was related to him by blood, and was clearly within the intent and meaning of the section above

copied, whether she was the legitimate or illegitimate child of Louis Stahl. No valid reason can be assigned for excluding an illegitimate child from the benefits of such an association as that of appellant, in the absence of a provision in the constitution or by-laws excluding such child. Although the child may have been the offspring of illicit intercourse, she was the blood relation of Louis Stahl, and the moral duty devolved on him to support and maintain her. In so providing for her there was nothing done that was contrary to public policy, but the act was one to be encouraged and commended. The child was not a party to the crime, and the fact of her illegitimacy, if it existed, did not destroy her relationship to her father, nor place her without the pale of the benefit of being a relative or dependent. She was both at the time she was designated as a beneficiary, and as either she could claim the benefit of the designation. The certificate was not tainted with evil in the hands of the child, and no principle of public policy can arise that would prevent her from receiving the benefit of the insurance made by her father in her behalf."

The above language quoted from the Stahl Case appears to us to be particularly applicable here, although it was there applied to a provision in the constitution of the order, while here we are considering a similar provision incorporated in a state statute. It is true that in that case the beneficiary was both a blood relative and a dependent, but the court clearly said that she was entitled to the benefit in either capacity. The provision there read, "one related to him by blood," while section 6 of Act No. 256 of 1912 says, "relative by blood to the fourth degree," the only distinction being that the latter provision contains a limitation as to degree. We, therefore, conclude that both plaintiffs being illegitimate children and by different fathers, were, nevertheless, "relatives by blood" within the fourth degree within the meaning and intention of section 6 of Act No. 256 of 1912, above quoted. They, therefore, have an interest to pursue this litigation.

The contention of plaintiffs that the question of their legitimacy is a special defense, which was not raised by defendant, is not well founded for the reason that the evidence pertaining thereto was admitted without objection and had the effect of enlarging the pleadings, thereby bringing up the question of their legitimacy for determination on this appeal. Wright v. District Grand Lodge No. 21 (La. App.) 150 So. 85.

Plaintiffs, however, further discharged the burden of proving their allegation that Bertha Smith was in no way related to their mother, Pet Dixon, and was, therefore, ineligible under section 6 above quoted to be named or substituted as beneficiary.

██ Plaintiff Charles Jennings testified that Bertha Smith was not related to his mother, and Jetty Coleman, an elder sister of Pet Dixon, testified that Bertha Smith was in no way related to the deceased. Nowhere is this contradicted and Bertha Smith was not produced in court. It appears, therefore, that the purported change of beneficiary was illegal and that plaintiffs, as the original beneficiaries, are entitled to the proceeds. Burke v. District Grand Household of Ruth No. 26 et al. (La. App.) 149 So. 274.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of plaintiffs, Charles Jennings and Viola Byard, and against defendant, District Grand Household of Ruth No. 26, Grand United Order of Odd Fellows of the state of Louisiana, in the full sum of $300, plus legal interest thereon from judicial demand, until paid, together with costs of this proceeding.

Reversed.